UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
JAMES CROCKETT & TERESA CROCKETT,               Docket No.:11-CV-4378
                                                                                (PKC) (RML)
                                        Plaintiffs,

        -against-


THE CITY OF NEW YORK, POLICE OFFICER
RAUL A. PEREZ (Shield No. 2957), in his individual
and official capacities; POLICE OFFICER MATTHEW
J. AMBROSINO (Shield No. 1211), in his individual
and official capacities; POLICE OFFICER STEVEN
BHAGAN (Shield No. 13662), in his individual
and official capacities; LIEUTENANT GREACIA
HERDSMAN (ID No. 901687) in her official and
individual capacities; JOHN AND JANE DOES
POLICE OFFICERS & DETECTIVES 1-8, in their
individual and official capacities,

                                        Defendants
------------------------------------------------------------------X

### SUPPLEMENTAL SUBMISSION TO PLAINTIFF'S REQUEST TO CHARGE

PLEASE TAKE NOTICE that, pursuant to Rule 51 of the Federal Rules of Civil Procedure. Plaintiff provides this supplemental submission which serves to provide supplemental requests the Court to give the following instructions to the jury, in addition to such other generally applicable instructions that the Court may give. It is respectfully requested that during the course of this trial and at the end of the proof in this case that counsel for the plaintiff be allowed to amend and/or supply additional Requests to Charge.

### SUBSTANTIVE LAW/PARTIES

1.    The Plaintiff in this case is James Crockett. He is suing the Defendants under federal law. The federal claims asserted by him arise under a federal statue, 42 U.S.C. § 1983, which I will explain to you in greater detail shortly. Section 1983 provides a remedy, among other things, for

individuals who have been deprived of their federal constitutional rights under color of state law. Mr. Crockett alleges the defendant deprived him of his right to be free from false arrest.

2. The Defendants in this action are Police Officers Raul A. Perez, Matthew J. Ambrosino, Steven Bhagan, and Lieutenant Greacia Herdsman. Defendants Perez, Ambrosino, Bhagan, and Herdsman are sued in their individual capacity.

## THE STATUTE: 42 U.S.C. § 1983

3. The law to be applied to Mr. Crockett's federal claims in this case is the federal civil rights law which provides a remedy for individuals who have been deprived of their federal constitutional rights under color of state law.

4. Plaintiff's suit against the Defendants is based upon the federal Civil Rights Act, Title 42 of the United States Code, § 1983, which reads in relevant part:

> Every person who, under color of any statute, ordinance, custom or usage of any state subject or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the constitution . . . , shall be liable to the party injured in an action at law. . . .

(Authority: 42 U.S.C. § 1983).

5. Section 1983 creates a form of liability in favor of persons who have been deprived of rights, privileges, and immunities secured to them by, among other things, the Federal Constitution. Before Section 1983 was enacted in 1871, people so injured were not able to sue state and local officials for money damages in federal court. In enacting the statute, Congress intended to create a remedy as broad as the protection provided by the Fourteenth Amendment and federal laws. Section 1983 was enacted to give people a federal remedy in federal court because it was feared that adequate protection of federal rights might not be available in state courts.

## ELEMENTS OF A SECTION 1983 CLAIM

6. To establish a claim under Section 1983 against the defendant, Mr. Crockett must

establish, by a preponderance of the evidence, each of the following elements:

> First, that the conduct complained of was committed by the defendant acting under color of state law;
>
> Second, that in so acting, the defendant violated the constitutional rights of Mr. Crockett; and
>
> Third, that the defendant' acts were the proximate or legal cause of the injuries and consequent damages alleged by Mr. Crockett.

I shall now examine each of the elements in detail (Sand Instruction 87-68).

### FIRST ELEMENT: "UNDER COLOR OF LAW"

7.  In this case it is not disputed that, as of February 6, 2010, the individual Defendants, Perez, Ambrosino, Bhagan, and Herdsman, were acting in their official capacity as members of the New York Police Department, and therefore, was acting under color of state law. The parties have agreed that Plaintiff has established this element, and you do not have to consider it.

8.  That does not end your inquiry. You must still determine whether Mr. Crockett established, by a preponderance of the evidence, the remaining two elements of his §1983 claims: whether Defendants actually deprived him of a constitutional right, and, if so, whether that deprivation "proximately caused" the injuries he claims to have sustained.

### SECOND ELEMENT: DEPRIVATION OF A CONSTITUTIONAL RIGHT

9.  The second element that Mr. Crockett must prove by a preponderance of the evidence is that the Defendants deprived him of rights protected by the United States Constitution. In order for him to establish this element, Mr. Crockett must establish the following by a preponderance of the evidence: first, that the Defendants committed the acts alleged by Mr. Crockett; second, that those acts caused him to suffer the loss of a federal right; and third, that, in performing the acts alleged, the Defendants acted intentionally or recklessly (Authority: Sand 87-74).

10. I will first explain what I mean that Mr. Crockett must show that the Defendants acted intentionally or recklessly. Then I will explain what I mean by actions causing the loss of a constitutional right.

## STATE OF MIND--GENERAL

11. To establish a claim under Section 1983, Mr. Crockett must establish by a preponderance of the evidence that the Defendants acted intentionally or recklessly (Authority: Id. 87-74). An act is intentional if it is done knowingly, that is, if it is done voluntarily and deliberately, and not because of mistake, accident, negligence, or other innocent reason (Authority: Id. 87-76). I emphasize that Mr. Crockett does not have to establish that the Defendants intended to violate his federal constitutional rights. (Authority: *Hudson v. New York City,* 271 F.3d 62, 68-69 (2d Cir. 2001).)

12. In determining whether the Defendants acted intentionally or recklessly, you should remember that while witnesses may see and hear, and so be able to give direct evidence of what a person does or fails to do, there is no way of looking into a person's mind. Therefore, you have to depend on what was done and what the people involved said was in their minds and your belief or disbelief with respect to those facts. Here, the parties agree that Defendant acted intentionally. (Authority: *Hudson*, 271 F.3d at 67-69 & n.5.)

## LOSS OF A FEDERAL RIGHT

13. Mr. Crockett claims that the Defendants deprived him of rights and privileges secured and protected by the United States Constitution. Specifically, he claims Defendants Perez, Ambrosino, Bhagan, and Herdsman unlawfully seized him while he was near Linden Street between Myrtle Ave and Wyckoff Ave in Brooklyn New York.

**FALSE ARREST**

14. Mr. Crockett seeks damages for false arrest as against the Defendants. An officer commits a false arrest if he or she intentionally, and without the right to do so, arrests a person who is aware of the arrest and does not consent to it (Authority: *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)).

15. Mr. Crockett claims that on February 6, 2010, the Defendants arrested him without a warrant and caused him to sustain damage. The Defendant admits that they arrested the Plaintiff without a warrant, but contend the arrest was lawful under the circumstances.

16. I instruct you that under Federal law, a police officer has the right to arrest a person without a warrant whenever he or she has reasonable cause to believe that the person has committed a criminal offense. Defendants have the burden of proving by a preponderance of the evidence the existence of probable cause that Mr. Crockett committed a criminal offense. (Authority: *Jenkins v. City of New York,* 478 F.3d 76, 88 (2d Cir. 2007)("Where an officer makes an arrest without a warrant, the presumption arises that the plaintiff's arrest was unlawful."); *Curry v. City of Syracuse*, 316 F.3d 324, 335 (2d Cir. 2003) (quotations and citations omitted); *Wu v. City of New York*, 934 F. Supp. 581, 586 (S.D.N.Y. 1986).)

17. Reasonable or probable cause exists "when . . . the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime" (Authority: *Weyant*, 101 F.3d at 852 (citations omitted).)

18. The quantum of evidence that an officer must possess to establish probable cause "must constitute more than rumor, suspicion, or even a 'strong reason to suspect.'" (Authority: *Wu,* 934 F. Supp. 581, 586 (S.D.N.Y. 1996) (*quoting United States v. Fisher*, 702 F.2d 372, 375 (2d Cir. 1983)

(citations omitted); *See Roberts v. City of New York*, 753 F. Supp. 480, 482-83 (S.D.N.Y. 1990); *United States v. Buschel,* 594 F. Supp. 942, 945-46 (N.D.N.Y. 1984).)

19. In determining whether probable cause exists, you are to look to the totality of the circumstances confronting the officer seeking to effectuate the arrest (Authority: *Illinois v. Gates*, 462 U.S. 213, 230-32 (1983)). Again, I remind you that the Defendants shoulder the burden of establishing probable cause.

20. You have heard evidence that Mr. Crockett was arrested, Linden Street between Myrtle Ave and Wyckoff Ave in Brooklyn and charged with Menacing in the Second Degree and Menacing in the Third Degree. In order for you to assess whether probable cause existed for Mr. Crockett's arrest, I will instruct you briefly on the elements of these crimes.

21. I instruct you that a person commits the crime of Obstructing Governmental Administration in the Second Degree "when he intentionally obstructs, impairs or perverts the administration of law . . . or attempts to prevent a public servant from performing an official function, by means of . . . physical force or interference . . . . (Authority: N.Y. Penal L. § 195.05). The elements of the crime are: "(1) prevention or attempt to prevent (2) a public servant from performing (3) an official function (4) by means of intimidation, force or interference." (Authority: Cameron v. City of New York, 598 F.3d 50, 68 (2d Cir. 2010) (quoting Lennon v. Miller, 66 F.3d 416, 424 (2d Cir. 1995) (citing N.Y. Penal L. § 195.05)).

22. In order to assess whether the Defendants had probable cause to believe Mr. Crockett committed the crime of Obstructing Governmental Administration in the Second Degree, I must discuss certain terms with you. First, "Intent" means conscious objective or purpose. Thus, a person "intentionally obstructs, impairs or perverts the administration of law . . . when that person's conscious objective or purpose is to do so." (Authority: New York Pattern Criminal Jury Instructions 2d at §

195.05) ("NY CJI2d Penal Law")).

23. Second, Mr. Crockett's actions must amount to "physical force" or "physical interference." "[M]ere words alone do not constitute 'physical force or interference' such as to support the charge of obstructing governmental administration." (Authority: People v. Case, 42 N.Y.2d 98, 101-103, 396 N.Y.S.2d 841, 842-44 (1977)).

24. If, after considering all of the evidence, you conclude that Mr. Crockett has proved his claim of false arrest, your verdict must be for him on this claim. On the other hand, if you conclude that defendant had probable cause to arrest him for Obstructing Governmental Administration in the Second Degree, then your verdict must be for the defendants.

### THIRD ELEMENT–PROXIMATE CAUSE

25. The third element that Mr. Crockett must prove by a preponderance of the evidence is that the actions of the Defendants was a proximate cause of the injuries sustained by him. "Proximate cause" means that there must be a sufficient causal connection between the act or omission of the Defendants and any injury or damage sustained by Mr. Crockett. An act or omission is a proximate cause if it was a substantial factor in bringing about or actually causing the alleged injury. In other words, if the Defendants act or omission had such an effect in producing an injury that reasonable persons would regard it as being a cause of the injury, then the act or omission is a proximate cause (Authority: Sand 87-79).

26. The two elements I have just described – that is, (1) deprivation of a constitutional right; and (2) proximate cause – must be established by Mr. Crockett by a preponderance of the evidence for the constitutional claims asserted by each of them.

**III. DAMAGES**

27. If you find that Mr. Crockett has met his burden of proof with respect to his Section 1983 claim, that is, that he has proven his claims by a preponderance of the evidence, then you must consider the issue of damages. The fact that I am giving you instructions on damages, however, should not be considered as an indication of any view of mine on what your verdict should be. Rather, instructions on damages are given only so that you will have them in the event that you should find in favor of Plaintiff on the question of liability.

28. There are two types of damages that you may consider: compensatory damages and punitive damages. I will discuss each of these in turn.

**A. Compensatory Damages**

29. If you find for Mr. Crockett on the issue of liability, then you may award him compensatory damages, that is, a sum of money that you believe will fairly and justly compensate him for any injury you believe he actually sustained as a direct consequence of Defendants' conduct.

30. You may award compensatory damages only for those injuries that you find that Plaintiff has proven by a preponderance of the evidence. Moreover, you may award compensatory damages only for those injuries that you find Plaintiff has proven by a preponderance of the evidence to have been the direct result of conduct by Defendants in violation of Section 1983. That is, you may not simply award compensatory damages for any injury suffered by Plaintiff from any cause -- you may award compensatory damages only for those injuries that are a direct result of actions by the Defendants.

31. Compensatory damages must not be based on speculation or sympathy. They must be based on the evidence presented at trial, and only on that evidence.

32. I cannot give you a yardstick by which to measure the dollar value of pain or injury. You heard Plaintiff's testimony and the testimony of his witnesses about the injuries he sustained. If you

award compensatory damages you will have to determine, based on your common sense and experience, that amount of money that will fairly and reasonably make Plaintiff whole or compensate him for the injuries and pain and suffering that he sustained, and may continue to sustain, as a consequence of any acts that violated his rights.

33. Concerning Mr. Crockett's claims of false arrest, from the fact of confinement alone, you must award him monetary damages for the loss of freedom and movement. Mr. Crockett need not show any particular loss of money resulting from confinement before you award damages for false arrest. You may consider the loss of time, the physical discomfort or inconvenience, the conditions of confinement, if you find he is entitled to recover damages for the false arrest. (Authority: Kerman v. City of New York, 374 F.3d 93, 124-31 (2d Cir. 2004)).1

34. If Plaintiff persuades you by a fair preponderance of the credible evidence, you may also include in your award fair and reasonable compensation for injury to reputation from the detention, as well as the shame and humiliation of the detention.

35. You may also award damages for any psychological injury, emotional distress, mental suffering, or any physical consequences resulting from emotional distress that Plaintiff has suffered, and may continue to suffer, as a result of the wrongful conduct of the Defendants. Finally, you may award damages for the loss of income that you find Plaintiff has experienced and will experience as a result of the wrongful conduct of the Defendants.

36. In determining the amount of any damages that you decide to award, you should be guided by dispassionate common sense. You must use sound discretion in fixing an award of damages, drawing reasonable inferences from the facts in evidence. In sum, your award of compensatory damages should reasonably compensate Plaintiff for such injury and damage as you find, from a preponderance of the evidence in the case, that he has sustained or is reasonable likely to sustain in the future as a direct

result of the Defendants' culpable conduct.

### B. Punitive Damages.

37. As I mentioned before, you may also make a separate and additional award of punitive damages. The decision to award punitive damages rests solely in the jury's discretion.

38. If you award Plaintiff compensatory damages, then you may, but are not required to, also make a separate and additional award of punitive damages. The fact that I am giving you instructions on punitive damages, however, should not be considered as an indication of any view of mine on what your verdict should be. Rather, instructions on punitive damages are given only so that you will have them in the event that you should find in favor of Plaintiff on the question of liability.

39. You may award Plaintiff punitive damages against the Defendants if you find that their his actions were malicious or wanton and reckless, not merely unreasonable, or if one or more of the Defendants intentionally violated Plaintiff's federal rights. An act or failure to act is maliciously done if it is prompted by ill will or spite toward the injured person. An act or failure to act is wanton if done in a reckless or callous disregard of, or indifference to, the rights of the injured person. Plaintiff has the burden of proving, by a preponderance of the evidence, that the Defendants acted maliciously or wantonly with regard to his rights. An act is wantonly and recklessly done if done in such a manner, and under such circumstances, as to reflect utter disregard for the potential consequences of the act on the safety and rights of others. An intent to injure exists when a Defendant has a conscious desire to violate Federal rights of which he or she is aware, or when a Defendant has a conscious desire to injure Plaintiff in a manner he or she knows to be unlawful.

40. An award of punitive damages is discretionary; that is, if you find that the legal requirements for punitive damages are satisfied, then you may decide to award punitive damages, or you may decide not to award them.

41.     In making this decision, you should consider the underlying purpose of punitive damages.  The purpose of punitive damages is not to compensate Plaintiff.  Punitive damages are awarded in the jury's discretion to punish a Defendant for outrageous conduct, and to deter him or her, and others in the same position, from engaging in similar conduct in the future.

42.     If you find by a preponderance of the evidence that any Defendant acted with malicious intent to violate Plaintiff's Federal rights or unlawfully injure him, or if you find that any Defendant acted with a callous or reckless disregard of his rights, then you may award punitive damages against any of the particular Defendants.


Dated: Hempstead, New York
       October 24, 2016

                                                          Respectfully submitted,

                                                          LAW OFFICES OF
                                                          FREDERICK K. BREWINGTON


By:    */S/ Frederick K. Brewington*
         FREDERICK K. BREWINGTON
         *Attorneys for Plaintiff*
         556 Peninsula Boulevard
         Hempstead, New York 11550
         (516) 489-6959