UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
JAMES CROCKETT & TERESA CROCKETT,                Docket No.:11-CV-4378
                                                                                  (PKC) (RML)
                        Plaintiffs,

        -against-


THE CITY OF NEW YORK, POLICE OFFICER
RAUL A. PEREZ (Shield No. 2957), in his individual
and official capacities; POLICE OFFICER MATTHEW
J. AMBROSINO (Shield No. 1211), in his individual
and official capacities; POLICE OFFICER STEVEN
BHAGAN (Shield No. 13662), in his individual
and official capacities; LIEUTENANT GREACIA
HERDSMAN (ID No. 901687) in her official and
individual capacities; JOHN AND JANE DOES
POLICE OFFICERS & DETECTIVES 1-8, in their
individual and official capacities,

                        Defendants
-------------------------------------------------------------------X

### ***CORRECTED* SUPPLEMENTAL<br>SUBMISSION TO PLAINTIFF'S REQUEST TO CHARGE S TO FALSE ARREST**

  PLEASE TAKE NOTICE that, pursuant to Rule 51 of the Federal Rules of Civil Procedure. Plaintiff provides this supplemental submission which serves to provide supplemental requests the Court to give the following instructions to the jury, in addition to such other generally applicable instructions that the Court may give. It is respectfully requested that during the course of this trial and at the end of the proof in this case that counsel for the Plaintiff be allowed to amend and/or supply additional Requests to Charge.

### **FALSE ARREST**

  1. Mr. Crockett seeks damages for false arrest as against the Defendants. An officer commits a false arrest if he or she intentionally, and without the right to do so, arrests a person who is

aware of the arrest and does not consent to it (Authority: *Weyant v. Okst*, 101 F.3d 845, 852 (2d Cir. 1996)).

2. Mr. Crockett claims that on February 6, 2010, the Defendants arrested him without a warrant and caused him to sustain damage. The Defendant admits that they arrested the Plaintiff without a warrant, but contend the arrest was lawful under the circumstances.

3. I instruct you that under Federal law, a police officer has the right to arrest a person without a warrant whenever he or she has reasonable cause to believe that the person has committed a criminal offense. Defendants have the burden of proving by a preponderance of the evidence the existence of probable cause that Mr. Crockett committed a criminal offense. (Authority: *Jenkins v. City of New York,* 478 F.3d 76, 88 (2d Cir. 2007)("Where an officer makes an arrest without a warrant, the presumption arises that the plaintiff's arrest was unlawful."); *Curry v. City of Syracuse,* 316 F.3d 324, 335 (2d Cir. 2003) (quotations and citations omitted); *Wu v. City of New York*, 934 F. Supp. 581, 586 (S.D.N.Y. 1986).)

4. Reasonable or probable cause exists "when . . . the officers have knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime" (Authority: *Weyant*, 101 F.3d at 852 (citations omitted).)

5. The quantum of evidence that an officer must possess to establish probable cause "must constitute more than rumor, suspicion, or even a 'strong reason to suspect.'" (Authority: *Wu,* 934 F. Supp. 581, 586 (S.D.N.Y. 1996) (*quoting United States v. Fisher*, 702 F.2d 372, 375 (2d Cir. 1983) (citations omitted); *See Roberts v. City of New York*, 753 F. Supp. 480, 482-83 (S.D.N.Y. 1990); *United States v. Buschel,* 594 F. Supp. 942, 945-46 (N.D.N.Y. 1984).)

6. In determining whether probable cause exists, you are to look to the totality of the

circumstances confronting the officer seeking to effectuate the arrest (Authority: *Illinois v. Gates*, 462 U.S. 213, 230-32 (1983)). Again, I remind you that the Defendants shoulder the burden of establishing probable cause.

7. You have heard evidence that Mr. Crockett was arrested near 364 Linden Street between Myrtle Ave and Wyckoff Ave in Brooklyn and charged with: Menacing a Police Officer or Peace Officer, Menacing in the Second Degree, Menacing in the Third Degree, and Selling or Possessing an Air Pistol and Air Rifle. In order for you to assess whether probable cause existed for Mr. Crockett's arrest, I will instruct you briefly on the elements of these crimes.

8. I instruct you that a person commits the crime of Menacing a Police Officer or Peace Officer "when he or she intentionally places or attempts to place a police officer or peace officer in reasonable fear of physical injury, serious physical injury or death by displaying a deadly weapon, knife pistol, revolver, rifle, shotgun, machine gun or other firearm, whether operable or not, where such officer was in the course of performing his or her official duties and the defendant knew or reasonably should have known that such victim was a police officer, or peace officer." (Authority: N.Y. Penal L. §120.18) The elements of this crime are: 1. The defendant placed or attempted to place a police officer in reasonable fear of physical injury, or serious physical injury or death, by displaying a deadly weapon, (2) the defendant did so intentionally, (3) at the time of the incident, the police officer was in the course of performing his/her official duties, and (4) at the time of the incident, the defendant knew or reasonably should have known that individual was a police officer.

9. I instruct you that a person commits the crime of Menacing in the Second Degree "when he intentionally places or attempts to place another person in reasonable fear of physical injury, serious phycial injury or death by displaying a deadly weapon, dangerous instrument or what appears to be a pistol . . . or other firearm (Authority: N.Y. Penal L. §120.14(1)) The elements of this crime are: 1. the

defendant, placed or attempted to place a person in reasonable fear of physical injury, or serious physical injury, or death, by displaying a deadly weapon, or dangerous instrument, or what appeared to be a pistol. . . or other firearm; and (2) that the defendant did so intentionally.

10. I instruct you that a person commits the crime of Menacing in the Third Degree "when by physical menace he intentionally places or attempts to place another person in fear of death, imminent serious physical injury or physical injury." (Authority: N.Y. Penal L. §120.15) The elements of this crime are: 1. the defendant, by physical menace, placed or attempted to place another person in fear of death, or imminent serious physical injury, or imminent physical injury; and 2. the defendant did so intentionally.

11. I instruct you that a person commits the crime of Selling or Possessing an Air Pistol and Air Rifle that person "sells, offers to sell or have in such person's possession any air pistol or air rifle or similar instrument in which the propelling force is a spring or air, except that the sale of such instruments if accompanied by delivery to a point without the city, and possession for such purpose, shall not be unlawful if such person shall have secured an annual license from the police commissioner of the city authorizing such sale and possession." (Auth. NYC Admin Code §10-131(7)(b))

12. In order to assess whether the Defendants had probable cause to believe Mr. Crockett committed the crime of Menacing a Police Officer or Peace Officer, or Menacing in the Second Degree, or Menacing in the Third Degree, I must discuss certain terms with you. First, "Intent" means conscious objective or purpose to cause a particular result or to engage in particular conduct. Thus, a person intentionally places or attempts to place a police officer or peace officer, or another person in reasonable fear of physical injury, or serious physical injury, or death or imminent physical injury by displaying a weapon when his or her conscious objective or purpose is to do so.(Authority: N.Y. Penal L. §15.05(1))

13. Second, Mr. Crockett's actions must amount to "physical injury" or "serious physical

injury." Physical injury" means impairment of physical condition or substantial pain. (Authority: N.Y. Penal L. §100(9) *See People v. Chiddick,* 8 NY3d 445 (2007)) "Serious physical injury" means imparment of a person's physical condition which reates a substantial risk of death, or which causes death, or serious and protracted disfigurement, or protracted impairment of health or protracted loss impairment of the function of any bodily organ." (Authority: N.Y. Penal L. §10.00(10)

14. If, after considering all of the evidence, you conclude that Mr. Crockett has proved his claim of false arrest, your verdict must be for him on this claim. On the other hand, if you conclude that Defendants had probable cause to arrest him for Menacing a Police Officer or Peace Officer, Menacing in the Second Degree, Menacing in the Third Degree, and Selling or Possessing an Air Pistol and Air Rifle, then your verdict must be for the Defendants.

Dated: Hempstead, New York
October 26, 2016

                                                Respectfully submitted,

                                                LAW OFFICES OF
                                                FREDERICK K. BREWINGTON

By:   */S/ Frederick K. Brewington*
       FREDERICK K. BREWINGTON
       *Attorneys for Plaintiff*
       556 Peninsula Boulevard
       Hempstead, New York 11550
       (516) 489-6959