October 28, 2016

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------x

JAMES CROCKETT & TERESA CROCKETT,

                Plaintiffs,

             v.

THE CITY OF NEW YORK, POLICE OFFICER
RAUL A. PEREZ (Shield No. 2957), in his individual
and official capacities; POLICE OFFICER MATTHEW
J. AMBROSINO (Shield No. 1211), in his individual
and official capacities; POLICE OFFICER STEVEN
BHAGAN (Shield No. 13662), in his individual
and official capacities; LIEUTENANT GREACIA
HERDSMAN (ID No. 901687) in her official and
individual capacities; JOHN AND JANE DOES
POLICE OFFICERS & DETECTIVES 1-8, in their
individual and official capacities,

                Defendants.

-------------------------------------------------------------x

**JURY INSTRUCTIONS**
11-CV-4378 (PKC) (RML)

PAMELA K. CHEN, United States District Judge:

        Ladies and Gentlemen of the jury, now that you have heard all the evidence in the case as well as the arguments of the lawyers, it is my duty to give you instructions as to the law applicable in this case.  We are all grateful to you for the close attention you have given to this case thus far. I ask that you continue to do so as I give you these instructions.

        As you know, Plaintiffs James and Teresa Crockett claim that Defendants the City of New York and the individual police officers violated applicable federal Constitutional law and certain New York State law with respect to the shooting, arrest, and detainment of Mr. Crockett. The Defendants – The City of New York, Raul A. Perez, Matthew J. Ambrosino, Steven Bhagan,

October 28, 2016

Greacia Herdsman, and other detectives, to whom I will refer to collectively throughout these instructions as "Defendants" – dispute these claims.

My instructions will be in three parts:

First, I will give you instructions regarding the general rules that define and govern the duties of a jury in a civil case such as this;

Second, I will instruct you as to the legal elements of Plaintiff's claims; and

Third, I will give you some general rules regarding your deliberations.

## I. ROLE OF THE COURT AND JURY

Let me start by restating our respective roles as judge and jury.

Your duty, as I mentioned in my opening instructions, is to find the facts from all of the evidence in this case. You are the sole judges of the facts, and it is for you and you alone to determine what weight to give the evidence, to resolve such conflicts as may have appeared in the evidence, and to draw such inferences as you deem to be reasonable and warranted from the evidence.

My job is to instruct you on the law. You must apply the law, in accordance with my instructions, to the facts as you find them. I remind you of your sworn obligation to follow the law as I describe it to you, whether you agree with it or not. You should not be concerned about the wisdom of any rule of law that I state. Regardless of any opinion you may have about what the law may be—or should be—it would be a violation of your oaths as jurors to base your verdict upon any other view of the law than the one given to you in these instructions.

If any of the lawyers has stated a legal principle that differs from any that I state to you in my instructions, you must be guided solely by what I instruct you about the law. You should not

October 28, 2016

single out any one instruction as alone stating the law, but should consider my instructions as a whole.

Since it is your job—not mine—to find the facts, I have neither expressed nor attempted to intimate an opinion about how you should decide the facts of this case.  You should not consider anything I have said or done in the course of the trial, including these instructions, as expressing any opinion about the facts or the merits of this case.  For example, on occasion, I may have asked questions of a witness.  You should attach no special significance to these questions because they were asked by me.

**A.  THE DEFINITION OF EVIDENCE**

You must determine the facts in this case based solely on the evidence presented, or those inferences which can reasonably be drawn from the evidence presented.  Evidence has been presented to you in the form of sworn testimony from the witnesses and documentary exhibits that have been received in evidence by me.

Certain things are not evidence and are to be entirely disregarded by you in deciding what the facts are:  arguments, statements or summations by the lawyers; objections to the questions or to the offered exhibits; and any testimony that has been excluded, stricken, or that you have been instructed to disregard.

**B.  DIRECT AND CIRCUMSTANTIAL EVIDENCE**

As I mentioned in my opening instructions, there are, generally speaking, two types of evidence:  direct and circumstantial.  You may use both types of evidence in reaching your verdict in this case.  There is no distinction between the weight to be given to these two types of evidence.  You must base your verdict on a reasonable assessment of *all* of the evidence in the case.

October 28, 2016

Direct evidence is testimony from a witness about something he or she knows by virtue of his or her own senses—something he or she has seen, felt, touched, tasted, or heard.

The other type of evidence—circumstantial evidence—is proof of a chain of circumstances that point to the existence or nonexistence of certain facts.  A simple example of circumstantial evidence is as follows:  Suppose you came to court on a day when the weather was clear, sunny, and dry.  However, after several hours in the courtroom where there are no windows, you observe a person come in wearing a wet raincoat and another person shaking a wet umbrella.  Without you ever looking outside, you would not have direct evidence that it rained, but you might infer from these circumstances that while you were sitting in court, it rained outdoors.

That is all there is to circumstantial evidence.  On the basis of reason, experience, and common sense, you infer the existence or nonexistence of a fact from one or more established facts.

You are permitted to draw, from the facts which you find to have been proved, such reasonable inferences as would be justified in light of your experience.  Inferences are deductions or conclusions that reason and common sense lead you, the jury, to draw from the facts that have been established by the evidence in the case.  Use your common sense in drawing inferences; however, you are not permitted to engage in mere guesswork or speculation.

There are times when differing inferences may be drawn from facts, whether proved by direct or circumstantial evidence.  Plaintiff asks you to draw one.  Defendant asks you to draw another.  It is for you, and you alone, to decide what inferences you will draw.

In deciding the factual issues presented in this case, the test is not which side brings the greater number of witnesses, or presents the greater quantity of evidence, but which witnesses and evidence appeal to your minds as being most accurate and trustworthy.

4

October 28, 2016

No significance should be attached to the fact that a document, other exhibit, or witness testimony was introduced by one party rather than by the other.  Any party is entitled to the benefit of any evidence tending to establish its contentions, even though such evidence may have come from witnesses or documents introduced by another party.

### C.  WITNESS CREDIBILITY

In deciding what the facts are in this case, you must consider all of the evidence that has been offered.  In doing this, you must decide which testimony to believe and which testimony not to believe.  You are the sole judges of credibility of the witnesses and the weight their testimony deserves.  Your determination of the issue of credibility very largely must depend upon the impression that a witness made upon you as to whether or not that witness was telling the truth or giving you an accurate version of what occurred.  You may choose to disbelieve all or part of any witness's testimony.  In making that decision, you may take into account any number of factors, including the following:

- the witness's opportunity to see, hear, and know about the events he or she described;

- the witness's ability to recall and describe those things;

- the witness's manner in testifying—was the witness candid and forthright or did the witness seem as if he or she was hiding something, being evasive, or suspect in some way;

- how the witness's testimony on direct examination compared with how the witness testified on cross-examination;

- the reasonableness of the witness's testimony in light of all of the other evidence in the case;

October 28, 2016

- whether the witness had any possible bias, any relationship to a party, any motive to testify falsely, or any possible interest in the outcome of the trial; and

- whether a witness's testimony was contradicted by his or her other testimony, by what that witness said or did on a prior occasion, by the testimony of other witnesses, or by other evidence.

Inconsistencies or discrepancies in the testimony of a witness, or between the testimony of different witnesses, may or may not cause you to discredit such testimony. In weighing the effects of a discrepancy, you should consider whether it pertains to a matter of importance or an unimportant detail, and whether the discrepancy results from an innocent error or intentional falsehood.

If you find that any statement made by a witness on the stand is false, in whole or in part, you may disregard the particular part you find to be false or you may disregard his or her entire testimony as not worthy of belief.

**D.  INTERESTED WITNESSES**

The Plaintiffs have testified before you, as have the individual Defendant-Officers, who represent the policies and practices of Defendant New York City. As parties to the action, both Plaintiffs and Defendants are known as "interested witnesses." An interested witness is not necessarily less believable than a disinterested witness. The fact that each is interested in the outcome of the case does not mean that he or she has not told the truth. It is for you to decide— from the demeanor of the witness on the stand and such other tests as your experience dictates— whether or not the testimony has been influenced, intentionally or unintentionally, by his or her interest in the outcome of the case. You may, if you consider it proper under all of the circumstances, not believe the testimony of such a witness, even though it is not otherwise

6

October 28, 2016

challenged or contradicted. However, you are not required to reject the testimony of such a witness, and may accept all or such part of his or her testimony as you find reliable and reject such part as you find unworthy of acceptance.

### E.  EXPERT WITNESS

In this case, I have permitted witnesses to express their opinions about matters that are at issue. A witness may be permitted to testify to an opinion on those matters about which they have special knowledge, skill, experience, and training. Such testimony is presented to you on the theory that someone who is experienced and knowledgeable in the field can assist you in understanding the evidence or in reaching an independent decision on the facts.

In weighing this opinion testimony, you may consider the witness's qualifications, his or her opinions, his or her reasons for testifying, as well as all of the other considerations that ordinarily apply when you are deciding whether or not to believe a witness's testimony. You may give the opinion testimony whatever weight, if any, you find it deserves in light of all the evidence in this case. You should not, however, accept opinion testimony merely because I allowed the witness to testify concerning their opinion. Nor should you substitute it for your own reason, judgment, and common sense. The determination of the facts in this case rests solely with you.

### F.  NO PARTICULAR PROOF REQUIRED

A party is not required to call a particular witness or offer any specific item or types of evidence. You may have heard argument about types of evidence that were not introduced in this case. You should not speculate on whether such evidence exists or what such evidence might have shown. In deciding whether Plaintiff has met his burden, you should consider only the evidence that was admitted, and that you saw and heard, during this trial.

October 28, 2016

## G.  NO SYMPATHY OR BIAS

In determining the issues of fact and rendering a verdict in this case, you should perform your duty with complete impartiality and without bias, sympathy, or prejudice as to any party.  All parties are equal before the law, both individuals and entities, and are entitled to the same fair consideration.  The Court expects that you will carefully and impartially consider all of the evidence, follow the law as it is now being given to you, and reach a just verdict, regardless of the consequences.

## H.  BURDEN OF PROOF – PREPONDERANCE OF THE EVIDENCE

As a general rule, in a civil action such as this, Plaintiffs have the burden of proving each of the essential elements of their claims by a preponderance of the evidence.  If the proof fails to establish any essential element of their claims by a preponderance of the evidence, you should find for Defendants.

To establish a claim "by a preponderance of the evidence" means to prove that something is more likely so than not so.  In other words, a preponderance of the evidence means such evidence as, when considered and compared with the evidence opposed to it, produces in your minds the belief that what is sought to be proved is, more likely than not, true.

A preponderance of the evidence means the greater weight of the evidence.  That does not mean the greater number of witnesses or the greater length of the time taken by either side.  This determination is based on the quality and persuasiveness of the evidence—the weight and effect it has on your minds.

In determining whether a claim has been proved by a preponderance of the evidence, you may consider the relevant testimony of all witnesses, regardless of who may have called them, and all of the relevant exhibits received in evidence, regardless of who may have produced them.

8

October 28, 2016

If you find that the credible evidence on a given issue is in balance or evenly divided between the parties, that it is equally probable that one side is right as it is that the other side is right, or that the evidence produced by the party having the burden of proof—Plaintiffs in this case—is outweighed by evidence against their claim, then you must decide that issue against the Plaintiffs.  That is because the party bearing the burden, in this case, Plaintiffs, must prove more than simply equality of evidence—they must prove the element at issue by a preponderance of the evidence.  On the other hand, Plaintiffs need prove no more than a preponderance.  So long as you find that the scales tip, however slightly, in favor of Plaintiffs—that what they claim is more likely true than not true—then the element will have been proved by a preponderance of the evidence.

Some of you may have heard of proof beyond a reasonable doubt, which is the proper standard in a criminal trial.  That requirement does not apply to a civil case such as this and you should put it out of your mind.

## I.   PRIOR INCONSISTENT STATEMENTS

You may have heard evidence that at some earlier time a witness has said or done something which counsel has argued is inconsistent with the witness's testimony at trial.

Evidence of a prior inconsistent statement that was given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition can be considered by you as affirmative evidence in determining liability.

[IF APPLICABLE: Evidence of a prior inconsistent statement that was *not* given under penalty of perjury at a trial, hearing, or other proceeding or in a deposition is not to be considered by you as affirmative evidence in determining liability.  Evidence of *unsworn* prior inconsistent

9

October 28, 2016

statements was placed before you for the more limited purpose of helping you decide whether to believe the trial testimony of the witness who contradicted himself or herself.]

In addition, if you find that the witness made an earlier statement that conflicts with his or her trial testimony, you may consider that fact in deciding how much of his or her trial testimony, if any, to believe.  In making this determination, you may consider whether the witness purposely made a false statement or whether it was an innocent mistake; whether the inconsistency concerns an important fact, or whether it had to do with a small detail; whether the witness had an explanation for the inconsistency, and whether that explanation appealed to your common sense.

It is exclusively your duty, based upon all the evidence and your own good judgment, to determine whether the prior statement was inconsistent, and if so how much, if any, weight to give to the inconsistent statement in determining whether to believe all or part of the witness's testimony.

## J.  DEPOSITIONS

Some of the testimony before you is in the form of depositions which have been received in evidence.  As I explained during the trial, a deposition is simply a procedure where the attorneys for one side may question a witness or an adversary party under oath before a court stenographer prior to trial. This is part of the pretrial discovery process, and each side is entitled to take depositions. You may consider the testimony of a witness given at a deposition according to the same standards you would use to evaluate the testimony of a witness given at trial.

## II.  SUBSTANTIVE LAW

10

October 28, 2016

I will now turn to the second part of this charge and instruct you as to the legal elements of Plaintiffs' claims.

### A.  SECTION 1983 OVERVIEW

In this case, Plaintiff James Crockett, whom I will refer to simply as Plaintiff in these instructions, claims that he was injured as the result of the deprivation, under color of State law, of rights secured to him by the United States Constitution, and by a federal statute which protects the civil rights of all persons within the United States.  Specifically, he brings this case under a statute known as Section 1983 of Title 42 of the United States Code.  Section 1983 states, in its relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom or usage of any State . . . subjects or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law . . . .

Section 1983 creates a federal remedy for persons who have been deprived by state officials, or any persons acting under color of state law, of the rights, privileges, and immunities secured by the United States Constitution and federal statutes.

Here, Plaintiff claims that Defendants deprived him of his Fourth Amendment rights by (1) falsely arresting him, (2) using excessive force against him, and (3) abusing the criminal process in connection with his arrest.

In order to prove his claims under Section 1983, Plaintiff must establish, by a preponderance of the evidence, each of the following three elements:

First, that the conduct complained of was committed by a person acting under color of State law;

October 28, 2016

Second, that this conduct deprived Plaintiff of rights, privileges or immunities secured by the Constitution or laws of the United States; and

Third, that Defendants' acts were the proximate cause of the injuries and consequent damages sustained by Plaintiff.

I will now explain the elements of these claims in more detail.

## 1.   First Element:  "Under Color of Law"

The parties do not dispute that, at all relevant times, Defendants were employed by the New York City Police Department and were acting under color of State law.  Accordingly, you need not consider whether this first element of a Section 1983 claim is established in this case. The parties agree that it is.

## 2.   Second Element:  Deprivation of a Constitutional Right

The second element that Plaintiff must prove by a preponderance of the evidence is that Defendants deprived him of his constitutional rights.

In order for Plaintiff to establish this element, he must prove three things by a preponderance of the evidence: (1) that Defendants committed the acts alleged by Plaintiff; (2) that those acts caused Plaintiff to suffer the loss of a right protected by the United States Constitution; and (3) that in performing the acts alleged Defendants acted intentionally or recklessly.  You must consider the evidence against each Defendant individually.  Each Defendant is entitled to fair, separate, and individual consideration without regard to your decision as to the other Defendants.

12

October 28, 2016

With regard to intent, it is not necessary to find that Defendants had any specific intent to deprive Plaintiff of his constitutional rights in order to find in favor of Plaintiff. Plaintiff need only prove that Defendants intended the actions which resulted in the violations of Plaintiff's rights, or that Defendants acted recklessly in that regard. An act is intentional if the actor knows he is doing it, that is, if it is done voluntarily and deliberately and not because of mistake, accident, negligence, or other innocent reason. An act is reckless if it is done in conscious disregard of its known probable consequences.

There was evidence admitted in this case regarding the New York City Police Department Patrol Guide [and Firearms Discharge Investigative Manual, if applicable]. The Patrol Guide is [or "these documents" are] only a guideline. This evidence was admitted to provide you, the jury, with background information about police conduct and the nature of internal operations of the New York City Police Department. The issue before you is whether Plaintiff's constitutional rights were violated, and not whether any Defendant violated anything in the Patrol Guide [or Firearms Discharge Investigative Manual].

In this case, Plaintiff has brought three separate and distinct claims that his Fourth Amendment rights were violated: (1) false arrest, (2) excessive force, and (3) abuse of process.

### i.   False Arrest

I will begin with Plaintiff's claim that Defendants falsely arrested him. A person is falsely arrested if he is detained without probable cause.

The parties do not dispute that Plaintiff was detained for the purposes of his false arrest claim. You do not need to make a determination whether Plaintiff was actually detained, because the parties agree that he was.

13

October 28, 2016

However, you must consider whether Defendants had probable cause to detain Plaintiff. Probable cause to arrest exists when a police officer has knowledge or reasonably trustworthy information sufficient to convince a person of reasonable caution to believe that a crime has been committed by the person to be arrested. Probable cause does not require an actual showing of criminal activity, only the objectively reasonable probability of criminal activity at the moment of the arrest. Defendants bear the burden of proving that there was probable cause to arrest Plaintiff. As I mentioned earlier, the plaintiff ordinarily bears the burden of proving the claims at issue, but this is the one exception. With respect to Plaintiff's false arrest claim, Defendants bear the burden of proving that there was probable cause to arrest Plaintiff.

Probable cause is measured by determining the knowledge of the arresting officer as of the time of the arrest. Probable cause exists where law enforcement officials have knowledge or reasonably trustworthy information about facts and circumstances sufficient to warrant a person of reasonable caution to believe that a crime had been committed by the person to be arrested. To determine whether there is probable cause you must examine the totality of the circumstances. Probable cause exists even when it is based on mistaken information, so long as the arresting officer was reasonable in relying on that information.

To determine whether there was probable cause to arrest Plaintiff, you should only consider those facts that were actually available to Defendants, or could have been perceived by Defendants at the moment they detained Plaintiff. However, you need not assess probable cause on the basis of only one Defendant's knowledge. Rather, probable cause may be established even where the arresting Defendant officer lacked specific information to form the basis for probable cause or reasonable suspicion, but other officers who initiated or were involved with the investigation had

14

October 28, 2016

sufficient information to justify the arrest, and that information was communicated, even if indirectly, to the arresting Defendant-Officer.

Defendants contend there was probable cause to arrest Plaintiff for one or more of the following crimes or attempts to commit these crimes: disorderly conduct; assault in the second degree; assault in the third degree; assault on a peace officer, police officer, firearm or emergency medical services professional; aggravated assault upon a police officer or peace officer; menacing in the second degree; menacing in the third degree; menacing a police officer or peace officer; reckless endangerment in the second degree; harassment in the second degree; criminal possession of a weapon in the fourth degree; and/or criminal possession of a weapon in the third degree. Plaintiff disputes that he committed or attempted to commit any crime the night of the incident. With regard to these offenses, you must also consider whether there was probable cause to arrest plaintiff for an attempt of these any of these offenses.  A person attempts to commit a crime when, with intent to commit a crime, he engages in conduct which tends to effect the commission of such crime. I will now describe the specific crimes, though the fact that I am instructing you on the elements of these crimes is not intended in any way to reflect a view by the Court on whether such crimes were committed or attempted by Plaintiff:

### a.  Disorderly Conduct

A person is guilty of disorderly conduct when, with intent to cause public inconvenience, annoyance or alarm, or recklessly creating a risk thereof, he engages in fighting or in violent, tumultuous or threatening behavior . . . . He obstructs vehicular or pedestrian traffic . . . or . . . He creates a hazardous or physically offensive condition by any act which serves no legitimate purpose.

15

October 28, 2016

### b. Assault in the Second Degree

A person is guilty of assault in the second degree when, with intent to prevent a police officer or certain other public service officers or agents from performing a lawful duty, he causes physical injury to such police officer or other public service officer.

### c. Assault in the Third Degree

A person is guilty of assault in the third degree when, with intent to cause physical injury to another person, he causes such injury to such person or to a third person.

### d. Assault on a Police Officer

A person is guilty of assault on a police officer when, with intent to prevent a police officer from performing a lawful duty, he causes serious physical injury to such police officer.

### e. Aggravated Assault Upon a Police Officer

A person is guilty of aggravated assault upon a police officer when, with intent to cause serious physical injury to a person whom he knows or reasonably should know to be a police officer engaged in the course of performing his or her official duties, he causes such injury by means of a deadly weapon or dangerous instrument.

### f. Menacing in the Second Degree

A person is guilty of menacing in the second degree when, he intentionally places or attempts to place another person in reasonable fear of physical injury, serious physical injury or death by displaying a deadly weapon, dangerous instrument or what appears to be a pistol, revolver, rifle, shotgun, machine gun or other firearm.

### g. Menacing in the Third Degree

16

October 28, 2016

A person is guilty of menacing in the third degree when, by physical menace, he intentionally places or attempts to place another person in fear of death, imminent serious physical injury or physical injury.

### h.   Menacing a Police Officer

A person is guilty of menacing a police officer when he intentionally places or attempts to place a police officer in reasonable fear of physical injury, serious physical injury or death by displaying a deadly weapon, knife, pistol, revolver, rifle, shotgun, machine gun or other firearm, whether operable or not, where such officer was in the course of performing his or her official duties and the person knew or reasonably should have known that such victim was a police officer.

### i.   Reckless Endangerment in the Second Degree

A person is guilty of reckless endangerment in the second degree when he recklessly engages in conduct which creates a substantial risk of serious physical injury to another person.

### j.   Harassment in the Second Degree

A person is guilty of harassment in the second degree when, with intent to harass, annoy or alarm another person he strikes, shoves, kicks or otherwise subjects  such  other person to physical contact, or attempts or threatens to do the same.

### k.   Criminal Possession of a Weapon in the Fourth Degree

A person is guilty of criminal possession of a weapon in the fourth degree when he possesses (1) any firearm, or (2) any other dangerous or deadly instrument or weapon with intent to use the same unlawfully against another.

### l.   Criminal Possession of a Weapon in the Third Degree

17

October 28, 2016

A person is guilty of criminal possession of a weapon in the third degree when such person knowingly possesses any disguised gun.

You must determine whether Defendants had probable cause to arrest Plaintiff for committing, or attempting to commit, one or more of the crimes I just described. You need not be unanimous as to *which* offense provided probable cause, but you must be unanimous that probable cause existed. The existence of probable cause is measured as of the moment of the arrest. Probable cause does not require an officer to be certain that subsequent prosecution of the arrestee will be successful, or even that such a prosecution will occur. All probable cause requires is a reasonable, good faith belief that a crime has been or is being committed by the person arrested for the crime. Once an officer possesses sufficient facts to establish probable cause, he or she is neither required nor allowed to sit as a prosecutor, judge, or jury. Thus, the issue is whether there was probable cause to arrest Plaintiff, not whether Plaintiff was in fact charged with, or guilty of, any offense.

If you find that there was no probable cause to arrest Plaintiff for any these crimes or attempted crimes, you must find for Plaintiff on his false arrest claim. If you find that there was probable cause as to any of these crimes or attempted crimes, you must find for Defendants.

### ii. Excessive Force

If a police officer uses excessive force while arresting an individual, the police officer has deprived that individual of a federal right. In other words, a law enforcement official may employ only the amount of force reasonably necessary under the circumstances to make the arrest.

To determine whether Defendants subjected Plaintiff to excessive force, you must determine whether the amount of force used to effect the arrest was that which a reasonable officer

October 28, 2016

would have employed in effecting the arrest under similar circumstances.   In making this determination, you may take into account such factors as the severity of the crime at issue; whether Plaintiff posed an immediate threat to the safety of Defendants or others; and whether Plaintiff actively resisted arrest or attempted to evade arrest by flight.  If a police officer reasonably believes that the person being arrested poses a significant threat to kill or inflict serious bodily injury on that police officer or another, the police officer may use lethal force.  In addition, under these circumstances, a police officer is not required to retreat from the scene.  Also, you do not have to determine whether Defendants had less intrusive alternatives available because they only needed to have acted within the range of conduct identified as reasonable.

The reasonableness of a particular use of force must be judged from the perspective of a reasonable officer on the scene.  You are not to judge Defendants' conduct with the 20/20 vision of hindsight.  Not every push or shove by a police officer, even if it may later seem unnecessary in the peace and quiet of this courtroom, constitutes excessive force and a constitutional deprivation.  You must allow for the fact that police officers are often forced to make split-second judgments—in circumstances that are tense, uncertain, and rapidly evolving— about the amount of force that is necessary in a particular situation.  The determination of whether force is reasonable is an objective one:  the question is whether the officer's actions are "objectively reasonable" in light of the facts and circumstances confronting him or her, without regard to his or her underlying intent or motivation.

If you find that the amount of force used was greater than a reasonable law enforcement officer would have employed given the circumstances, Plaintiff will have established his claim for excessive force.   If you find that the force used was reasonable, then you should find for

19

October 28, 2016

Defendants on this claim.

### iii. Malicious Abuse of Process

As you have heard, Plaintiff was arrested by Defendants on February 6, 2010 and indicted by a grand jury on February 11, 2010.  Defendants claim that they had reason to arrest and detain Plaintiff based on his conduct prior to the moment he was shot.  Plaintiff claims that Defendants used this process to conceal their own misconduct in connection with Crockett's shooting and false arrest, which is a purpose for which the process was not legally intended.

Plaintiff's claim is for abuse of process. An abuse of process takes place when one party, without justification or excuse and with the intent to do harm, uses a legal document or procedure for a purpose other than the purpose for which the process was legally intended.

In order to prevail on his abuse of process claim, Plaintiff must prove by a preponderance of the evidence that:

(1) The defendant in question employed regularly issued legal process to compel performance or forbearance of some act;

(2) With the intent to do harm without justification;

(3) In order to obtain a collateral objective that is outside the legitimate ends of the process.

On the third element, simply showing that a Defendant had an improper or malicious *motive* in detaining him is not sufficient to support Plaintiff's claim.  Plaintiff must show that Defendants meant to obtain a "collateral objective," meaning Defendants had an improper

20

October 28, 2016

*purpose* beyond or in addition to the regular outcome of the procedure.  This means that the arrest had to be used for something other than what it was designed for.

Unlike unlawful seizure, abuse of process does not require a lack of probable cause. Defendants could have had probable cause to arrest Plaintiff, but still have arrested him with intent to harm him without justification in order to obtain an objective other than what the procedure is supposed to be used for.

If you find that Defendants used the procedure of arresting Plaintiff for a purpose beyond or in addition to Plaintiff's prosecution, and that Defendants acted without excuse or justification and with the intention to cause harm, you will find that the Defendants are liable to Plaintiff on this claim.  If you decide that Defendants did not use Plaintiff's arrest for an improper purpose, or that Defendants acted with excuse or justification or without the intention to cause harm, then you should find Defendants not liable for abuse of process.

### 3.   Third Element:  Proximate Cause

The third element that Plaintiff must prove for all three of these charges- false arrest, excessive force, and malicious abuse of process- is that Defendants' acts were a proximate cause of injuries sustained by Plaintiff.  An act is a proximate cause of an injury if it was a substantial factor in bringing about that injury, and if the injury was a reasonably foreseeable consequence of Defendants' acts.

## 4.   CLOSING INSTRUCTIONS

I have now outlined for you the rules of law applicable to this case, the process by which you weigh the evidence and determine the facts, and the legal elements which must be proved by

October 28, 2016

a preponderance of the evidence.  In a few minutes you will retire to the jury room for your deliberations.  I will now give you some general rules regarding your deliberations.

Keep in mind that nothing I have said in these instructions is intended to suggest to you in any way what I think your verdict should be.  That is entirely for you to decide.

By way of reminder, I charge you once again that it is your responsibility to judge the facts in this case from the evidence presented during the trial and to apply the law as I have given it to you.  Remember also that your verdict must be based solely on the evidence in the case and the law as I have given it to you, not on anything else.

### A.  FOREPERSON

In order for your deliberations to proceed in an orderly fashion, you must have a foreperson. The custom in this courthouse is for Juror No. 1 to act as the foreperson.  However, if, when you begin deliberations, you decide that you want to elect another foreperson, you are entitled to do so.  The foreperson will be responsible for signing all communications to the court and for handing them to the marshal during your deliberations, but, of course, his or her vote is entitled to no greater weight than that of any other juror.

### B.  COMMUNICATION WITH THE COURT

It is very important that you not communicate with anyone outside the jury room about your deliberations or about anything touching this case.  There is only one exception to this rule. If it becomes necessary during your deliberations to communicate with me, you may send a note, through the marshal, signed by your foreperson.  No member of the jury should attempt to communicate with me except by a signed writing, and I will never communicate with any member of the jury on any subject touching upon the merits of the case other than in writing, or orally here in open court.

22

October 28, 2016

### C.  JUROR'S RECOLLECTION GOVERNS/REQUESTING TRANSCRIPT

Your recollection governs.  Nobody else's.  If, in the course of your deliberations, your recollection of any part of the testimony should fail, or you should find yourself in doubt concerning my instructions to you on the law, you may return to the courtroom for the purpose of having such testimony read back to you.  Again, you may make such a request by a note to a marshal.  I suggest, however, that you be specific to avoid hearing testimony you do not desire to assist in your deliberations.  Tell me as best you can precisely what you want to hear and be patient because it sometimes takes a while to find the testimony in the record.

### D.  DELIBERATIONS AND UNANIMOUS VERDICT

Your duty is to reach a fair conclusion from the law and the evidence.  It is an important one.  When you are in the jury room, listen to each other, and discuss the evidence and issues in the case amongst yourselves.  It is the duty of each of you, as jurors, to consult with one another, and to deliberate with a view toward reaching agreement on a verdict, if you can do so without violating your individual judgment and conscience.  While you should not surrender conscientious convictions of what the truth is and of the weight and effect of the evidence, and while each of you must decide the case for yourself and not merely acquiesce in the conclusion of your fellow jurors, you should examine the issues and the evidence before you with candor and frankness, and with proper deference to, and regard for, the opinions of your fellow jurors.

You should not hesitate to reconsider your opinions from time to time and to change them if you are convinced they are wrong.  However, do not surrender an honest conviction as to the weight and effect of the evidence simply to arrive at a verdict.

The decision you reach must be unanimous; you must all agree.

23

October 28, 2016

When you have reached a verdict, simply send me a note signed by your foreperson that you have reached a verdict.  Do not indicate what the verdict is.  In *no* communication with the court should you give a numerical count of where the jury stands in its deliberations.

Remember in your deliberations that the dispute between the parties is, for them, no passing matter.  They and the Court rely upon you to give full and conscientious deliberation and consideration to the issues and evidence before you.  By so doing, you carry out to the fullest your oaths as jurors to well and truly try the issues of this case and a true verdict render.

I will ask you to wait for a few moments while I discuss with counsel whether there is anything further about which you need to be charged.